268 P.3d 924 (2012)
STATE of Washington, Respondent,
v.
James L. GRIFFIN, Petitioner.
No. 84554-9.
Supreme Court of Washington, En Banc.
Argued May 10, 2011.
Decided January 5, 2012.
*925 Dana M. Nelson, Nielsen Broman & Koch, PLLC, Seattle, WA, for Petitioner.
Kraig Christian Newman, Grays Harbor County Prosecutor's Office, Montesano, WA, for Respondent.
J.M. JOHNSON, J.
¶ 1 The question in this case is whether a fact-finding hearing of rapid recidivism under RCW 9.94A.537 is a "sentencing" hearing exempt from the Washington State Rules of Evidence under ER 1101(c)(3). We hold that RCW 9.94A.537 sets out a special category of sentencing where the rules of evidence do apply.
¶ 2 At a bench trial, after waiver of a jury, the Grays Harbor County Superior Court found the petitioner, James L. Griffin, guilty *926 of residential burglary. At sentencing, the judge imposed an exceptional sentence above the standard range, finding the existence of the aggravating circumstance codified at RCW 9.94A.535(3)(t). In making its determination that the aggravating circumstance existed, the court relied on inadmissible hearsay from the trial.
¶ 3 Griffin appealed his exceptional sentence. The Court of Appeals agreed with Griffin that the trial court relied on inadmissible hearsay; however, it affirmed his exceptional sentence. It determined that, pursuant to ER 1101, the rules of evidence do not apply to sentencing and thus, the trial court did not err in relying on the inadmissible hearsay.
¶ 4 We reverse the Court of Appeals, vacate Griffin's exceptional sentence, and remand for resentencing. On remand the trial court may receive evidence to justify imposition of the exceptional sentence, and the rules of evidence apply to Griffin's resentencing. Because proper interpretation of ER 1101 results in reversal of Griffin's exceptional sentence, we do not address his constitutional claims.

FACTS AND PROCEDURAL HISTORY
¶ 5 The State charged Griffin with residential burglary. Griffin waived his right to a trial by jury. At the bench trial, the court found Griffin guilty and determined that he committed the charged offense on October 2, 2008. Additionally, the court found that an aggravating circumstance existed that justified a sentence above the standard range.
¶ 6 The aggravating circumstance identified by the court, codified at RCW 9.94A.535(3)(t), was that Griffin committed the residential burglary shortly after his release from incarceration. The court based this conclusion on its finding that Griffin committed his current offense shortly after his release from the Grays Harbor County jail on August, 19, 2008. Based on this aggravating circumstance, the court imposed an exceptional sentence of 30 months of confinement. The standard range sentence was 15 to 20 months of confinement.
¶ 7 The issue in this case involves the State's proof of the aggravating circumstance. As proof of Griffin's release on August 19, 2008, the State offered only the testimony of Sergeant Travis Davis of the Grays Harbor Sheriff's Department. Sergeant Davis testified that he worked in corrections and that his regular duties involved checking and maintaining records. He further testified that he looked up Griffin's records prior to the trial and the sheriff's office assigned Griffin the unique identifying number "41408" in a database that he referred to as "Spillman." Verbatim Report of Proceedings (VRP) at 62-63.
¶ 8 The defense objected when the prosecutor asked Sergeant Davis when Griffin was released. The defense said, "Your honor, I would object as to [whether he] is testifying to his memory of when he was there, or is there some other form that he is testifying to?" VRP at 63. The court overruled the objection, stating that the defense could cross-examine the witness on the basis of his knowledge.
¶ 9 Sergeant Davis testified that the county jail released Griffin on August 19, 2008 at "approximately 21 hundred hours." Id. When asked how he knew what Griffin's release date was, Sergeant Davis testified that "[i]t's what time he was signed out of the Spillman system by, looks like Officer"; however, before he finished his answer the defense objected stating: "Then I continue my objection as what he is testifying to is based on [the] Spillman record. We don't have any sort of authentication or certification of what he testifying to is the actual record or." VRP at 63-64.
¶ 10 The trial judge interrupted and asked the prosecutor, "[D]o you wish to lay a foundation?" Id. at 64. The prosecutor confirmed that he did wish to lay a foundation and asked three questions: (1) whether Sergeant Davis looked up previous commitments for name number 41408, (2) whether he was able to locate a previous commitment for 41408, and (3) whether he knew the release date for the prior commitment. Sergeant Davis answered the first two questions affirmatively and answered the third with the *927 same date he previously testified to: August 19, 2008.
¶ 11 The defense chose not to cross examine Sergeant Davis but maintained its objection stating, "I still maintain my objection as far as he doesn't have personal knowledge of it. And the foundation hasn't been laid as to the record." Id. at 64. The court overruled the objection:
He testified regarding their system, the name number system assigned. That 41408 was assigned to Mr. Griffin, and that he more recently reviewed the records in the database maintained by the sheriff's office, and for that number determined that the most recent release date was August 19, 2008. So I don't find any of that objectionable. You may cross examine him if you wish.
Id. at 64-65. The defense again declined cross-examination.
¶ 12 Following closing arguments, the trial court made oral findings on the record. The court determined that the State satisfied its burden and proved all of the elements of residential burglary beyond a reasonable doubt. The court found Griffin guilty as charged. The court then asked the prosecutor, "[H]ow much time did you need to prepare findings and conclusions and to be readyto proceed to sentencing[?] I will make a finding regarding the aggravated circumstances." Id. at 74.
¶ 13 After a brief exchange between the court and the prosecutor regarding scheduling, the court stated:
I am satisfied beyond a reasonable doubt that the aggravating circumstances has [sic] been proven, that is, namely under RCW [9.94A.535], subsection 3[(t)] that it has been proven that the defendant committed the current offense shortly after being released from incarceration, and I will make that special finding. Sentencing will be continued to....
Id. at 74. At sentencing the court imposed an exceptional sentence of 30 months of confinement.
¶ 14 Griffin appealed his exceptional sentence arguing that, by only presenting inadmissible hearsay, the State presented insufficient evidence to support the aggravating circumstance. In an unpublished opinion, the Court of Appeals rejected Griffin's argument and affirmed his conviction and sentence. The Court of Appeals determined that Sergeant Davis' testimony was inadmissible hearsay. State v. Griffin, noted at 153 Wash.App. 1049, 2009 WL 5110642 (2009) (unpublished). However, because ER 1101 does not require application of the hearsay rules at sentencing proceedings, the court determined that the trial court did not err in relying on the hearsay statements to find the aggravating circumstance.
¶ 15 Griffin petitioned this court for review, alleging that the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and our decision in State v. Bartholomew, 101 Wash.2d 631, 683 P.2d 1079 (1984), required the trial court to base its finding of the aggravating circumstance on evidence admissible under the rules of evidence. We granted review. State v. Griffin, 169 Wash.2d 1021, 238 P.3d 503 (2010).

ANALYSIS
¶ 16 We reverse the Court of Appeals, vacate Griffin's exceptional sentence, and remand for resentencing. On remand the trial court may receive evidence to justify imposition of the exceptional sentence, and the rules of evidence apply to Griffin's resentencing. We hold that RCW 9.94A.537 sets out a special category of sentencing, where the rules of evidence do apply. Because proper interpretation of ER 1101 results in reversal of Griffin's exceptional sentence, we do not address his constitutional claims.

1. Standard of Review
¶ 17 Griffin's case involves proper interpretation of the rules of evidence. "Interpretation of an evidentiary rule is a question of law, which we review de novo." State v. Foxhoven, 161 Wash.2d 168, 174, 163 P.3d 786 (2007). "Once the rule is correctly interpreted, the trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." State v. DeVincentis, 150 Wash.2d 11, 17, 74 P.3d 119 (2003). "Failure to enforce the requirements of rules can *928 constitute an abuse of discretion." State v. Neal, 144 Wash.2d 600, 609, 30 P.3d 1255 (2001). An abuse of discretion occurs if the court's decision is manifestly unreasonable or rests on untenable grounds. State v. Dixon, 159 Wash.2d 65, 75-76, 147 P.3d 991 (2006). A decision rests on untenable grounds if it "`rests on facts unsupported in the record or was reached by applying the wrong legal standard.'" Id. at 76, 147 P.3d 991 (quoting State v. Rohrich, 149 Wash.2d 647, 654, 71 P.3d 638 (2003)). A decision is manifestly unreasonable if it adopts a view that no reasonable person would take. Id.
¶ 18 To reverse an exceptional sentence,
the reviewing court must find: (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.
RCW 9.94A.585(4).[1]
¶ 19 RCW 9.94A.585(4)(a) contains both a factual and a legal component. State v. Stubbs, 170 Wash.2d 117, 123, 240 P.3d 143 (2010). The factual component (i.e., whether the record supports the reasons supplied by the sentencing court) is reviewed under the sufficiency of the evidence standard. Id. Under the sufficiency of the evidence standard, "`[t]he record must contain a sufficient quantity of evidence to persuade a rational, fair-minded person of the truth of the premise in question.'" Winbun v. Moore, 143 Wash.2d 206, 213, 18 P.3d 576 (2001) (quoting Canron, Inc. v. Fed. Ins. Co., 82 Wash.App. 480, 486, 918 P.2d 937 (1996)). The legal component (i.e., whether the reasons justify a sentence outside the standard range) is reviewed de novo. Stubbs, 170 Wash.2d at 124, 240 P.3d 143.

2. The Rules of Evidence Applied to Sergeant Davis' Testimony
¶ 20 The only evidence in support of the trial court's finding of a statutory aggravating circumstance under RCW 9.94A.535(3)(t)[2] was the testimony of Sergeant Davis. The Court of Appeals determined that Sergeant Davis' testimony was inadmissible hearsay. However, it also determined that the trial court did not err in relying on Sergeant Davis' testimony because, pursuant to ER 1101, the rules of evidence do not apply at sentencing.[3]
¶ 21 It is unnecessary to reach the constitutional claims raised by Griffin because the Court of Appeals incorrectly applied ER 1101. Generally, the rules of evidence apply to "all actions and proceedings in the courts of the state of Washington." ER 1101(a). However, other than rules governing privileges, the rape shield statute and ER 412, the rules need not be applied at several miscellaneous types of proceedings. ER 1101(c)(3). One type of proceeding identified under this exception is a sentencing proceeding. Id.
¶ 22 A fact-finding hearing under RCW 9.94A.537, however, is not the sort of "sentencing" hearing to which the evidence rules do not apply. Use of the term "sentencing" in ER 1101(c)(3) predates RCW 9.94A.537, which was crafted to respond to the Blakely problem. The statute created a special category of sentencing hearing, which involves jury fact finding (unless a jury is waived). The trier of fact at a section .537 hearing *929 must find the defendant "guilty" of committing the aggravator. We do not read the term "sentencing" in ER 1101(c) to encompass this evidentiary hearing under section.537, and thus the long-standing exemption in section (c) does not apply. Instead, under ER 1101(a), the evidence rules continue to apply ("[e]xcept as otherwise provided in section (c), these rules apply to all actions and proceedings in the courts of the state of Washington"). For this reason, it is unnecessary to reach Griffin's argument that due process also would require application of the evidence rules at sentencing hearings.
¶ 23 The only evidence in support of the aggravating circumstance identified by the trial court was the testimony of Sergeant Davis. The Court of Appeals held, and the parties do not dispute, that Sergeant Davis' testimony was inadmissible under the rules of evidence. Because the only evidence supporting the trial court's finding of an aggravating circumstance was inadmissible, there is no evidence in the record supporting the trial court's aggravating circumstance finding. Accordingly, Griffin's exceptional sentence must be vacated.

CONCLUSION
¶ 24 We reverse the Court of Appeals, vacate Griffin's exceptional sentence, and remand for resentencing. On remand the trial court may receive evidence to justify imposition of an exceptional sentence, and the rules of evidence apply to Griffin's resentencing. See RCW 9.94A.537(2). Because proper interpretation of ER 1101 results in reversal of Griffin's exceptional sentence, we do not address his constitutional claims.
WE CONCUR: BARBARA A. MADSEN, Chief Justice, CHARLES W. JOHNSON, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, DEBRA L. STEPHENS, CHARLES K. WIGGINS, Justices, and GERRY L. ALEXANDER, Justice Pro Tem.
NOTES
[1] Appellate courts review exceptional sentences outside of the standard sentence range pursuant to the standards set forth in RCW 9.94A.585(4). RCW 9.94A.535.
[2] The aggravating circumstance codified at RCW 9.94A.535(3)(t) is commonly known as "rapid recidivism." State v. Williams, 159 Wash.App. 298, 309, 244 P.3d 1018 (2011).
[3] In his petition for review, Griffin implicitly accepts the Court of Appeals' understanding of ER 1101 but argues that the federal and state constitutions require application of the rules of evidence to findings in support of statutory aggravating circumstances. In response to Griffin's petition, the State does not challenge the Court of Appeals' determination that Sergeant Davis' testimony was inadmissible hearsay. Rather, the State reiterates the Court of Appeals' argument that, pursuant to ER 1101, the rules of evidence did not apply to Sergeant Davis' testimony. Because neither party challenges the Court of Appeals' determination that Sergeant Davis' testimony was inadmissible hearsay, we assume for purposes of our analysis that the evidence was inadmissible and that the defense properly preserved its objections for appeal.