

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE DEC 1 2 2019
Fairhurst, CJ.
CHIEF JUSTICE

This opinion was
filed for record
at 8am on Dec 12, 2019
Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>BRANDON WILLIAM CATE,<br><br>Petitioner. | NO. 9 7 2 0 9 - 5<br><br>EN BANC<br><br>Filed: December 12, 2019 |

PER CURIAM—A jury found Brandon Cate guilty of burglary, theft, and malicious mischief in Okanogan County Superior Court. At sentencing, the State calculated Cate's offender score as 9+, the highest category, based on numerous alleged prior convictions. In proving these alleged prior convictions, the State failed to provide copies of the relevant judgment and sentence forms, relying instead on a prosecutor's summary of Cate's criminal history. Cate did not object, and the trial court used the 9+ offender score in calculating the appropriate sentencing range. On appeal, Cate argued that the calculated sentencing range was erroneous because the State failed to meet its burden of proving his criminal history at sentencing. The Court of Appeals disagreed and affirmed the sentence. After Cate petitioned this court for review, we directed the State to answer. In its answer, the Okanogan County prosecuting attorney argued that

Cate's failure to object at the sentencing hearing amounted to an acknowledgement of his criminal history under the plain language of RCW 9.94A.530(2). The State failed to note, however, that this court has held the cited portion of the statute to be unconstitutional because it risks shifting the burden to prove criminal history from the State to the defendant. *State v. Hunley*, 175 Wn.2d 901, 917, 287 P.3d 584 (2012). Accordingly, we reverse the Court of Appeals and remand for a new sentencing hearing.

FACTS

Following Cate's convictions of burglary, theft, and malicious mischief, the trial court had to determine his offender score for sentencing purposes. Cate testified at trial, and in cross-examination, he acknowledged a portion of his criminal history. Specifically, he admitted that he "remembered" a May 8, 2015, conviction for second degree burglary and second degree theft; he "believed" he was convicted of third degree theft on May 6, 2016; he agreed that he was convicted on April 11, 2017, of second degree burglary and second degree theft; and he agreed he was convicted on April 12, 2017, of two counts of second degree burglary, one count of second degree theft, and one count of third degree theft.

The prosecutor's sentencing memorandum summarized Cate's criminal history. It listed the above alleged convictions, it listed additional convictions from May 2006 that did not "wash out," and it included convictions for assaulting a law enforcement officer, for intimidating a public servant, and for felony bail jumping. The State calculated Cate's offender score as 16, thus qualifying him for the maximum score of 9+. The State did not include or otherwise present to the trial court the judgment and sentence documents proving the existence of the alleged convictions.

At sentencing, the trial court noted that Cate had an extensive criminal history. It focused on the cases brought in superior court and identified numerous convictions that occurred after 2014 but did not list the relevant cause numbers. The court did not ask Cate whether he acknowledged and agreed with the prosecution's

calculation of his offender score, but Cate did not object to the trial court's summary of his criminal history. The court calculated his offender score as 9+, listing 10 different criminal offenses in Cate's criminal history in the judgment and sentence. The court imposed a total sentence of 60 months in prison, to be served consecutively to the sentences imposed on two other convictions.

## ANALYSIS

As the Court of Appeals explained, this case is governed by the principles identified in *Hunley*. In calculating the offender score, the State must prove the criminal history by a preponderance of the evidence. *Id.* at 909-10. A prosecutor's unsupported summary of criminal history is not sufficient to satisfy the State's burden. *Id.* at 910. And it is not sufficient that the defendant does not object to the offender score calculation since such a rule would effectively shift the burden of proving criminal history to the defendant. *Id.* at 912.

Although the Court of Appeals identified the correct precedent, it misapplied *Hunley* when it affirmed Cate's sentence. The court held that the State met its burden because the prosecutor had summarized the criminal history based on a review of plea agreements and criminal databases, defense counsel did not object, appellate counsel did not argue the criminal history calculation was incorrect, and Cate acknowledged much of his criminal history on cross-examination at trial. The court's reliance on three of these four factors directly contravenes *Hunley*.

It is irrelevant that the prosecutor summarized criminal history since such a summary does not satisfy the State's burden of proof. *Id.* at 910. As to waiver, the State argues that Cate failed to object to the prosecutor's summary of his criminal history, citing RCW 9.94A.530(2). But for the waiver to be effective, the defense must affirmatively acknowledge the criminal history. *Hunley*, 175 Wn.2d at 915-16. Contrary to the State's position, the portion of RCW 9.94A.530(2) on which the State relies was held unconstitutional in *Hunley*. *Id.* at 917 ("the amendment to RCW 9.94A.530(2)—

which makes the defendant's failure to object to a criminal history summary an acknowledgment—is unconstitutional on its face"). Accordingly, neither Cate's failure to object nor his appellate counsel's failure to argue that the calculation was incorrect satisfies the State's burden of proof.

The Court of Appeals is correct that trial testimony might substitute as proof of criminal history. In determining the proper offender score, the court may rely on information that is admitted, acknowledged, or proved in a trial or at sentencing. *Id.* at 909. But here, as discussed above, Cate only directly admitted to convictions with respect to two prior cause numbers and vaguely admitted to two more. The judgment and sentence lists a criminal history that includes additional offenses never directly admitted by Cate, including August 2006 offenses for third degree assault, felony bail jumping, and intimidating a public servant. Consistent with *Hunley*, the State has not proved all of this criminal history beyond a reasonable doubt.

We therefore reverse the decision of the Court of Appeals and remand to the superior court for resentencing consistent with this decision.