IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37013-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ASHLEY DAWN MYERS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Ashley Myers appeals a 180-month sentence, imposed as a result of her guilty plea to second degree murder. Although the sentence is within the standard range, Ms. Myers contests its validity, arguing the State breached its plea agreement and the court relied on unproven facts in violation of the real facts doctrine. We disagree and affirm.

FACTS

Ashley Myers shot and killed Kenneth Allen while she was under the influence of methamphetamine. The State charged Ms. Myers with one count of first degree murder and one count of possession of a controlled substance. The parties entered into an

agreement whereby Ms. Myers agreed to plead guilty to second degree murder and the

State agreed to recommend a sentence of 130 months. This was near the low end of the

standard range of 123 to 220 months.

At sentencing, the prosecutor articulated the State's 130-month recommendation.

The prosecutor explained his recommendation by pointing to Ms. Myers's willingness to

admit guilt and take responsibility for her actions.

After making his sentencing recommendation, the prosecutor introduced Kenneth

Allen's sister, Peggy Roberts. The prosecutor stated:

> A lot of times—excuse me—in these types of cases there's a risk—
> a risk for me, I don't know about others—but a risk for me of ignoring the
> other part of this and that's Mr. Allen, the fellow who got murdered, the
> fellow who's not here today to explain how this crime has impacted him or
> what he thinks the sentence [ought] to be and how his life was going when
> it got stolen by Ms. Myers in her murdering him.
> But his sister, Peggy Roberts, is here to tell the Court about Mr. Allen;
> and I'll ask her to come up and tell you about Mr. Allen and tell you what she
> thinks the sentence [ought] to be.

Report of Proceedings (Aug. 2, 2019) at 18-19.

Ms. Roberts then addressed the court. She made several factual allegations

about the offense that went beyond the information that had been presented to the

court. She also requested the court sentence Ms. Myers "a little longer" than what

2

was recommended by the prosecutor, and to sentence Ms. Myers "to the full extent of the law." *Id*. at 22-23.

After hearing from the defense, the court announced it would impose a sentence of 180 months' imprisonment. The court justified this decision by stating that Ms. Myers's "use and abuse of drugs" had taken a toll on everyone, and she needed more jail time to think about the consequences of her drug use. *Id*. at 26-27.

Ms. Myers now appeals.

## ANALYSIS

A standard range sentence is generally not appealable. RCW 9.94A.585. An exception exists for legal errors. *State v. Williams*, 149 Wn.2d 143, 146-47, 65 P.3d 1214 (2003). For example, a defendant may assert denial of their legal right to due process by arguing the prosecutor breached its plea agreement at sentencing. *See State v. Goldberg*, 123 Wn. App. 848, 852, 99 P.3d 924 (2004). In addition, a standard range sentence is reviewable if it was issued in reliance on unproven facts. RCW 9.94A.530(2). The former type of error is constitutional in nature and therefore may be reviewed regardless of a contemporaneous objection; however, the latter type of error is generally statutory and therefore requires an objection to preserve appellate review. *See* RAP 2.5(a).

No. 37013-5-III
*State v. Myers*

*Plea agreement*

Crime victims have constitutional and statutory rights to address the court at sentencing. WASH. CONST. art. I, § 35; RCW 7.69.030(13)-(14). A prosecutor, as an officer of the court, can and should help victims exercise their rights. A prosecutor does not breach a plea agreement merely by helping facilitate a victim's communication with the court. *State v. Carreno-Maldonado*, 135 Wn. App. 77, 86-87, 143 P.3d 343 (2006). To the contrary, if a crime victim disagrees with a plea agreement reached by the prosecutor and the defendant, the prosecutor is obliged to inform the court of this fact on the record. RCW 9.94A.431(1).

The record here indicates the prosecutor stayed within his role as both a party to the plea agreement and an officer of the court. The prosecutor never argued for a sentence beyond the agreed term of 130 months. He did not emphasize the aggravating facts of the case, express misgivings about the plea agreement, or state that he agreed with the assessment of the case by Kenneth Allen's sister. The crime victim in this case did not work as an arm of the prosecutor's office. Thus, her comments to the court cannot fairly be attributed to the State. *Cf. State v. MacDonald*, 183 Wn.2d 1, 14-15, 346 P.3d 748 (2015).

4

The prosecutor's comment about not wanting to risk ignoring the victim was made after a discussion that was focused exclusively on Ms. Myers and her circumstances. It was entirely appropriate for the prosecutor to recognize that Ms. Myers was not the only individual impacted by the State's case. The deceased victim was also of central concern and it was important for the prosecutor to remind the court of that fact and to facilitate the right of the victim's sister to address the court.

*Real facts doctrine*

A defendant may appeal a standard range sentence based on an alleged violation of the real facts doctrine as set forth by RCW 9.94A.530(2). However, relief on appeal generally requires a specific objection at the time of sentencing. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993); *State v. Watson*, 120 Wn. App. 521, 86 P.3d 158 (2004), *aff'd*, 155 Wn.2d 574, 122 P.3d 903 (2005).

An exception to the error preservation requirement of the statute exists when it comes to proof of criminal history. *See State v. Cate*, 194 Wn.2d 909, 913-14, 453 P.3d 990 (2019). A defendant's criminal history is material to calculating the offender score. Thus, due process requires the State to prove criminal history, regardless of whether the defendant objects. *State v. Hunley*, 175 Wn.2d 901, 911-916, 287 P.3d 584 (2012).

5

Facts other than criminal history are not necessarily material to a trial court's decision to impose a sentence within the standard range. As such, mere mention of extraneous facts during a sentencing hearing does not raise constitutional concerns. A defendant concerned about whether extraneous facts will have an impact on the court is obliged by statute to object. The failure to do so waives review on appeal. RAP 2.5(a).

Here, Ms. Myers did not make an objection under the real facts doctrine at the time of her sentencing. Review of this claim of error is therefore waived.

## CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Korsmo, J.

6