IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81809-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JEREMY MICHAEL SANTIAGO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Jeremy M. Santiago pleaded guilty to one count of assault in the fourth degree with a domestic violence designation and one count of unlawful possession of a firearm in the first degree. The parties were not in agreement as to a sentencing recommendation. After taking argument, the trial court imposed a standard range sentence of 17 months' incarceration on the felony count, followed by 364 days' jail, suspended for a period of 24 months, on the misdemeanor count. Pursuant to the State's request, the court ordered that the first 12 months of the probation imposed on the misdemeanor would be supervised by the Department of Correction (DOC). Santiago appeals, arguing that the State failed to establish that his prior domestic violence convictions were pleaded prior to August 1, 2011 such that DOC supervision was statutorily authorized. We agree and remand to the trial court for re-sentencing.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

After entering guilty pleas to one count of assault in the fourth degree-domestic violence and one count of unlawful possession of a firearm in the first degree, Jeremy Santiago stipulated to the accuracy of the State's summary of his criminal history which included prior convictions for the gross misdemeanor crimes of assault in the fourth degree and violation of a protection order, each with a domestic violence designation. The statement of criminal history submitted by the State indicated that the two charges occurred in April 2011 and listed the date of conviction as November 16, 2011.

Santiago's plea agreement in the current case did not contain a joint sentencing recommendation, so the parties argued their respective positions to the court. The felony firearm charge to which Santiago agreed to plead guilty did not qualify for community custody supervision. As such, the State sought 24 months of probation on the gross misdemeanor, with at least a portion of that term under DOC supervision.

After taking argument, the court imposed a standard range sentence of 17 months' incarceration on the felony, followed by 364 days' jail suspended for a period of 24 months on the gross misdemeanor. The court ordered DOC to supervise the first 12 months of probation, which was consistent with the State's recommendation. The court further imposed community custody conditions after expressly finding the felony conviction did not qualify for community custody. Santiago now appeals.

ANALYSIS

Santiago argues for the first time on appeal that the trial court exceeded its authority by sentencing him to DOC supervised probation on the gross misdemeanor assault charge because it is not authorized under the Sentencing Reform Act of 1981 (SRA).[1]  A claim of an illegal or erroneous sentence may be raised for the first time on appeal.  State v. Bahl, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).[2]

"A trial court only possesses the power to impose sentences provided by law." In re Pers. Restraint of Carle, 93 Wn.2d 31, 33, 604 P.2d 1293 (1980).  The court may order supervision when imposing a suspended sentence.  RCW 9.92.060.  However, absent an express requirement under the SRA, the trial court lacks authority to impose DOC supervision.  RCW 9.94A.501(6).  The SRA requires DOC to supervise misdemeanor probation in certain specific instances.  RCW 9.94A.501(1).  RCW 9.94A.501(1)(b) requires supervised probation for certain repetitive offenses.  The term "repetitive domestic violence offense" includes numerous non-felony domestic violence offenses.  See RCW 9.94A.030(42).  Relevant to our review is that any domestic violence assault that is not a felony or any domestic violence violation of a protection order or no-contact order that is not a felony offense qualifies as a "repetitive domestic violence offense."  RCW 9.94A.030(42)(a)(i), (ii), (iii).

---

[1] Ch. 9.94A RCW.

[2] Because the State does not challenge Santiago's claim in this regard, we accept the apparent agreement of the parties that this issue is properly before us, without expressly ruling on the legality of the sentence.

Santiago challenges the court's imposition of DOC supervision for the first 12 months of his period of probation, arguing the State failed to establish that his prior offenses rendered such supervision statutorily appropriate. The relevant portion, as it relates to Santiago's challenge, in RCW 9.94A.501(1)(b) states:

> (i) A current conviction for a repetitive domestic violence offense where domestic violence has been pleaded and proven after Aug 1, 2011; and
>     (ii) A prior conviction for a repetitive domestic violence offense or domestic violence felony offense where domestic violence has been pleaded and proven after August 1, 2011.

Santiago notes in briefing that "supervision is unauthorized unless the domestic violence allegation was both 'pleaded'—i.e., alleged in a charging document—and 'proven'—i.e., found true by the fact finder–after August 1, 2011." Here, the parties agree that Santiago's current conviction for assault in the fourth degree qualifies as a repetitive domestic violence offense which was both pleaded and proved well after August 2011. Further, Santiago agrees that his prior convictions for assault in the fourth degree and violation of a no contact order are also repetitive offenses and were proven on November 16, 2011 when the judgment was entered. However, Santiago argues that the State failed to establish when those allegations were pleaded. See State v. Sanchez, 60 Wn. App. 687, 695, 806 P.2d 782 (1991) ("[T]he State has the burden of establishing the defendant's criminal history by a preponderance of the evidence.").

There is nothing in the record to demonstrate when Santiago's 2011 convictions were pleaded. If they were pleaded before August 1, 2011, DOC supervision would not be proper here under the plain language of the statute. If they were pleaded after that date, then Santiago's challenge fails. The State

attempts to circumvent the legislature's requirements in RCW 9.94A.501 by arguing that it is Santiago's burden to establish that these domestic violence allegations were pleaded prior to August 1, 2011. This argument is questionable at best. The State is attempting to shift the burden to Santiago, ignoring the wealth of case law clearly establishing that the burden of proving up criminal history for purposes of sentencing lies squarely with the State. Sanchez, 60 Wn. App at 695; State v. Ford, 137 Wn.2d 472, 479–82, 973 P.2d 452 (1999); State v. Harris, 148 Wn. App. 22, 30, 197 P.3d 1206 (2008); State v. Cate, 194 Wn.2d 909, 912–13, 453 P.3d 990 (2019). Further, this argument utterly ignores an individual's constitutional rights during sentencing proceedings. See State v. Hunley, 175 Wn.2d 901, 287 P.3d 584 (2012).

Because the record demonstrates that the State failed to prove by a preponderance of the evidence that Santiago's 2011 misdemeanor domestic violence convictions were both pleaded and proved after August 1, 2011, we cannot conclude that the sentencing condition of DOC supervision imposed here was authorized by statute. Accordingly, we remand for re-sentencing so that the trial court may analyze the State's request for supervision under the requirements of the statute. Santiago further notes that he was ordered to pay fees associated with DOC supervision. Fees for supervision are permitted by statute. See RCW 9.94A.780(1). If the trial court determines on remand that supervision is not authorized based on Santiago's criminal history, he is entitled to a refund of any fees he has paid to date.

Remanded for re-sentencing.

WE CONCUR: