# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57915-4-II |
| Respondent, | |
| v. | |
| JENNIFER LORRIANE MARTIN, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Jennifer L. Martin appeals her possession of a stolen vehicle conviction, arguing that the allowed testimony violated the confrontation clause and the trial court erred in denying her hearsay objection during trial. Martin further argues that the State failed to prove by a preponderance of evidence her criminal history, the trial court erred in denying her request for an exceptional sentence below the standard range, and the court wrongly imposed a $500 victim penalty assessment (VPA) and a $100 deoxyribonucleic acid (DNA) collection fee. The State concedes that it failed to prove Martin's criminal history. In her statement of additional grounds (SAG) for review, Martin alleges prosecutorial misconduct and ineffective assistance of counsel. We affirm Martin's conviction but accept the State's concession regarding the sentencing error pertaining to Martin's criminal history, and remand for resentencing.

## FACTS

Pierce County Sheriff's Department dispatched Deputy Carly Cappetto to investigate the report of a stolen vehicle. 2RP 292, 294. The vehicle's owner reported that he spotted the vehicle

and followed it to a U-Haul store. Cappetto was nearby and also observed the vehicle pull into the U-Haul store.

Cappetto observed Martin get out of the vehicle and walk over to a U-Haul truck. Cappetto approached the vehicle and confirmed that it was the stolen vehicle by checking the vehicle identification number. Martin was aware of Cappetto's presence and kept looking over at her.

Cappetto observed Martin get into the U-Haul truck with Tammie Wright and another individual and drive through an alley. Cappetto followed them and waited for backup. The truck stopped at a nearby grocery store and Cappetto observed Martin get out of the truck and go inside the store.

When backup arrived, Cappetto and the other deputies began looking for Martin. After about five minutes, a store employee approached the deputies and told them the individual they were looking for was in the restroom and had been in there the whole time. Cappetto located Martin in the restroom and arrested her.

The State charged Martin with unlawful possession of a stolen vehicle.

Prior to trial, Martin filed a motion in limine to exclude hearsay in violation of Martin's constitutional right of confrontation. Martin specifically requested that any reference to anything that Wright might have said should be excluded "[b]ecause [] Wright will not be present for trial." Clerk's Papers (CP) at 32. Martin's 45-page motion in limine does not mention the store employee's statement. During the hearing on Martin's motion, the court clarified that the objection was just focused on Wright and defense counsel replied, "Yes. Yes." 1 Rep. of Proc. (RP) at 37. The court granted the motion to exclude any statements by Wright.

During trial, Cappetto testified to the events that led up to Martin's arrest. When testifying about looking for Martin inside the grocery store, Cappetto stated that a store employee approached

the deputies and said, "the female [they] were looking for was located in the bathroom, and she had been in there ever since she came in." 2 RP at 304. Defense counsel objected, stating, "I object to her reporting hearsay from the store clerk that we can't examine." 2 RP at 304. The trial court overruled the objection.

The jury found Martin guilty of unlawful possession of a stolen vehicle.

At sentencing, the State only summarized Martin's criminal history without providing evidence. The parties disagreed about Martin's offender score based on her prior criminal history. Martin conceded that she had a prior felony conviction for escape but argued that it washed out. The State argued that the conviction did not wash out because of subsequent misdemeanor convictions. Martin requested an exceptional sentence below the standard range based on her argument that the conviction washed out.

The trial court concluded that the prior felony did not wash out and calculated her offender score as a one. The court denied Martin's request for a mitigated exceptional sentence and imposed a low-end standard range sentence of two months.

The trial court imposed a $500 VPA fee and $100 DNA collection fee but waived the criminal filing fee based on the court's finding that Martin was indigent. The court ordered Martin to pay $500 in restitution to the vehicle's owner for damage to the vehicle.

Martin appeals.

## ANALYSIS

I.     CONFRONTATION CLAUSE

Martin contends her constitutional right to confrontation was violated by admission of Cappetto's testimony regarding what the store employee told her about Martin's location inside

the grocery store. The State responds that this issue was not preserved for appeal. We agree with the State.

Where a witness is absent but the State wishes to present his or her prior testimonial statements at trial, it can do so consistent with the federal and state constitutions only if the witness is truly unavailable and the defendant has had a prior opportunity for cross-examination. *State v. Price*, 158 Wn.2d 630, 639, 146 P.3d 1183 (2006); *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004); U.S. CONST. amend VI; WASH. CONST. art. I, § 22. But a defendant must assert his right to confrontation at trial to preserve the challenge for appeal. *State v. Burns*, 193 Wn.2d 190, 210-11, 438 P.3d 1183 (2019).

In *Burns*, the Washington Supreme Court adopted a requirement that a defendant must object in the trial court to evidence that violates his or her right to confrontation. 193 Wn.2d at 210-11. The court held that "requiring an objection is in the interests of judicial efficiency and clarity, and provides a basis for appellate courts to review a trial judge's decision." *Id*. at 211. If a defendant does not object at trial, "'nothing the trial court does or fails to do is a denial of the right, and if there is no denial of a right, there is no error by the trial court, manifest or otherwise, that an appellate court can review.'" *Id*. (quoting *State v. Fraser*, 170 Wn. App. 13, 25-26, 282 P.3d 152 (2012)).

A general objection may not be sufficient. *State v. Dash*, 163 Wn. App. 63, 72, 259 P.3d 319 (2011). Moreover, a hearsay objection is not enough. *State v. O'Cain*, 169 Wn. App. 228, 245, 279 P.3d 926 (2012).

Prior to trial, Martin filed a motion in limine to exclude statements made by Wright based on constitutional confrontation clause grounds, but she made no mention of the grocery store employee's statement. Then, during trial, Cappetto testified that while looking for Martin inside

the store, a store employee approached the deputies and told them that "the female [they] were looking for was located in the bathroom, and she had been in there ever since she came in." 2 RP at 304. Martin objected, stating, "I object to her reporting hearsay from the store clerk that we can't examine." 2 RP at 304. She did not mention the confrontation clause in her objection. Use of the word "examine" is not enough to preserve this issue for review because it is ambiguous and could simply be a reference to the witness's unavailability under the hearsay rules. 2 RP at 304. Additionally, Martin raised the issue of confrontation previously in her motion to suppress Wright's statements and in so doing demonstrated awareness of the issue and ability to specifically raise it. She did not do so here. *See Dash*, 163 Wn. App. at 72. For this reason, we hold that Martin did not preserve her argument that her confrontation right was violated.

II. HEARSAY

Martin next contends that the trial court abused its discretion in allowing Cappetto to testify to the grocery store clerk's statement. We disagree.

Generally, a decision to admit or exclude evidence is reviewed for an abuse of discretion. *State v. Griffin*, 173 Wn.2d 467, 473, 268 P.3d 924 (2012). A trial court abuses its discretion when it adopts a view that a reasonable person would not take, its decision is based on facts unsupported in the record, or its decision was reached by applying an incorrect legal standard. *Id.*

"Hearsay" is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. ER 80l(c). Generally, hearsay is not admissible unless an exception applies. ER 802. ER 803(a)(l) provides an exception for present sense impressions and the declarant's availability is immaterial. A present sense impression is a "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." ER 803(a)(l). "Present sense impression

5

statements must grow out of the event reported and in some way characterize that event." *State v. Martinez*, 105 Wn. App. 775, 783, 20 P.3d 1062 (2001), *overruled on other grounds by State v. Rangel-Reyes*, 119 Wn. App. 494, 81 P.3d 157 (2003). "The statement must be a 'spontaneous or instinctive utterance of thought,' evoked by the occurrence itself, unembellished by premeditation, reflection, or design. It is not a statement of memory or belief." *Id.* (quoting *Beck v. Dye*, 200 Wash. 1, 9-10, 92 P.2d 1113 (1939)).

Here, deputies were at the grocery store looking for Martin. A store employee approached the deputies and told them Martin was in the restroom and had been in there since she came in. This statement was made within minutes of the deputies starting their search for Martin and was based on the store employee's observation of what was happening at the grocery store. The contemporaneous and spontaneous nature of the statement, including the timing, nature, and content, reduces the chance of misrepresentation or fabrication by the witness. Therefore, the statement was a present sense impression under ER 803(a)(1) and an exception to the hearsay rule. Accordingly, the trial court did not abuse its discretion in denying Martin's hearsay objection at trial.

III.     SENTENCING

Martin contends that the State failed to prove her criminal history beyond a reasonable doubt. The State concedes the error. We accept the State's concession.

"In determining the proper offender score, the court may rely on information that is admitted, acknowledged, or proved in a trial or at sentencing." *State v. Cate*, 194 Wn.2d 909, 913-14, 453 P.3d 990 (2019). The State has the burden of proving the criminal history by a preponderance of the evidence. *Id.* at 912-13. A prosecutor's unsupported summary of criminal history does not satisfy the State's burden. *Id.* at 913.

Here, the State only summarized Martin's criminal history at sentencing without providing evidence. This is not sufficient to satisfy the State's burden. *Cate*, 194 Wn.2d at 913. Accordingly, we accept the State's concession and remand for resentencing.

Martin further contends that the trial court erred in denying her request for an exceptional sentence below the standard range and in imposing the $500 VPA fee and the $100 DNA fee. Because we remand for resentencing, Martin may raise these issues to the trial court on remand.[1]

IV. SAG

In her pro se SAG, Martin first appears to allege prosecutorial misconduct, arguing that the prosecutor wrongly requested that the trial court order restitution as part of her sentence even though defense counsel allegedly obtained information that the stolen vehicle's owner engaged in insurance fraud. Because we remand this matter for resentencing, we do not address this issue.

Martin next argues that she received ineffective assistance of counsel because counsel did not argue to the jury that Martin admitted driving the vehicle as she requested and counsel would not let Martin testify when she wanted to testify. But our record does not include evidence relating to these allegations. Because Martin's SAG claims rely on matters outside the record, we do not consider them on direct appeal. *See State v. McFarland*, 127 Wn.2d 322, 338, n5, 899 P.2d 1251 (1995) (declining to consider matters outside the record on an ineffective assistance of counsel appeal and holding that "a personal restraint petition is the appropriate vehicle for bringing those matters before the court.").

---

[1] The State requests that we reach the exceptional sentence issue to provide guidance to the trial court on remand. But, based on our disposition, any discussion regarding this substantive issue would amount to an advisory opinion, which is disfavored by Washington courts. *State v. Norby*, 122 Wn.2d 258, 269, 858 P.2d 210 (1993).

CONCLUSION

We affirm Martin's conviction but accept the State's concession regarding the sentencing error involving proving Martin's criminal history, and remand for resentencing. On remand, Martin may address her other sentencing issues before the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Che, J.