IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85104-7-I |
| Respondent, | DIVISION ONE |
| v. | |
| JOAQUIN DAVID GARCIA, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — A jury convicted Joaquin David Garcia of two counts of domestic violence felony violation of a court order. On appeal, Garcia contends that the trial court erred by (1) imposing a sentence based on unproven prior offenses, (2) imposing a sentence that exceeded the statutory maximum, and (3) requiring Garcia, who is indigent, to pay a victim penalty assessment. Because Garcia affirmatively acknowledged his criminal history and his offender score at sentencing, we conclude that there was no error. We agree, however, that the sentence exceeds the statutory maximum and that the victim penalty assessment should be stricken and remand for the court to correct the judgment and sentence and for Garcia to move to strike the assessment.

FACTS

A jury convicted Joaquin David Garcia of two counts of domestic violence felony violation of a court order for offenses committed in June 2021 and October 2021. The jury also found that Garcia and Melissa Graham, the protected party, were intimate partners at the time the offenses were committed.

Before sentencing, the State submitted a presentencing memorandum that included a list of Garcia's prior criminal convictions and a scoring sheet calculating his offender score to be 15. Based on Garcia's offender score, the State determined that the standard sentencing range was 60 to 60 months, which was also the statutory maximum. The State requested that Garcia be placed on community custody for up to 12 months if released early.

At sentencing, the trial court asked Garcia's counsel whether "there was any dispute about the offender's scoring or the criminal history." Garcia's counsel responded, "No, Your Honor. I previously reviewed and there's no issue in regard to that." The court then imposed 60 months of confinement for each count, to run concurrently. The court also granted the State's request that Garcia be transferred to community custody if released early for the remaining balance of his sentence, but not to exceed 12 months. Garcia did not object to the imposition of community custody.

Although the court's oral ruling at sentencing indicated that Garcia's combined time in confinement and on community custody was not to exceed 60 months, the final judgment and sentence included both a 60-month term of confinement and a 12-month term of community custody. Under the community custody provision on the judgment and sentence, the court included the following notation:

> If defendant is released before he has served a total of 60 months in custody, he shall immediately be placed onto community custody for the remaining balance of his 60 month sentence, not to exceed 12 months even if his remaining balance is for more than 12 months. Defendant shall not be in custody or on supervision for

any longer than 60 months on this cause.

(Capitalization omitted.)

Garcia appeals.

ANALYSIS

Calculation of Offender Score

Garcia contends that resentencing is required because the court calculated his offender score based on prior offenses that were not sufficiently proven by the State. Because Garcia affirmatively acknowledged his criminal history and offender score, we disagree.

We review a sentencing court's calculation of an offender score de novo. State v. Tili, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). But we review underlying factual determinations for abuse of discretion. In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 764, 297 P.3d 51 (2013). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

In calculating an offender score, the State must prove the defendant's criminal history by a preponderance of the evidence. State v. Cate, 194 Wn.2d 909, 913, 453 P.3d 990 (2019). "Bare assertions, unsupported by evidence, do not satisfy the State's burden to prove the existence of a prior conviction." State v. Hunley, 175 Wn.2d 901, 910, 287 P.3d 584 (2012). "There must be some affirmative acknowledgment of the facts and information alleged at sentencing in order to relieve the State of its evidentiary obligations." Hunley, 175 Wn.2d at

912 (emphasis omitted). The best evidence of a prior conviction is a certified copy of the judgment and sentence, but the State may introduce other comparable documents of record or transcripts of prior proceedings to establish a defendant's criminal history. Hunley, 175 Wn.2d at 910.

Although the burden of proving criminal history generally rests with the State, the sentencing court may rely on information "admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing" to determine a defendant's sentence. RCW 9.94A.530(2). "The State's burden to prove prior convictions is relieved 'only if the defendant affirmatively acknowledges the alleged criminal history.' " State v. Royal, 26 Wn. App. 2d 812, 819, 530 P.3d 573, review denied, 536 P.3d 183 (2023) (quoting Hunley, 175 Wn.2d at 917).

Here, Garcia affirmatively acknowledged that he agreed with his offender score and the State's summary of his criminal history. At sentencing, the State reiterated its sentencing recommendation and Garcia's calculated offender score. The court then asked Garcia's counsel whether "there was any dispute about the offender's scoring or the criminal history." Garcia's counsel replied, "No, Your Honor. I previously reviewed and there's no issue in regard to that." By stating that he believed the criminal history and offender score were accurate, Garcia affirmatively acknowledged the prior offenses. This affirmative acknowledgement relieved the State of its burden to prove the prior offenses. Therefore, the trial court did not abuse its discretion in relying on Garcia's acknowledgement to determine his sentence.

Validity of Community Custody Term

Garcia next asserts that the court erred in imposing a sentence that exceeded the statutory maximum. He maintains that the court could not sentence him to community custody because he is not subject to Department of Corrections (DOC) supervision under RCW 9.94A.501 and that resentencing is necessary for the court to strike the 12-month term of community custody and the court's accompanying community custody notation. We disagree that Garcia cannot be sentenced to community custody and that the court's notation was improper. However, we agree that the court erred in imposing a sentence that exceeded the statutory maximum. But because correcting the judgment and sentence in this case is a ministerial task, we disagree that a resentencing hearing is required. We therefore remand for the court to correct the judgment and sentence to remove the additional 12-month term of community custody to reflect the court's ruling that Garcia's sentence is not to exceed 60 months.

Felony violation of a domestic violence court order issued under chapter 26.50 RCW is a class C felony with a statutory maximum sentence of five years. Former RCW 26.50.110(5) (2020); RCW 9A.20.021(1)(c). Under RCW 9.94A.701(3)(a), a trial court must sentence a person convicted of "[a]ny crime against [a] person[]" to one year of community custody. A violation of a court order issued under former RCW 26.50.110 is a crime against a person. RCW 9.94A.411.

However, a court may not impose a sentence providing for a term of confinement or community custody that exceeds the statutory maximum. RCW

9.94A.505(5); State v. Boyd, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).  The court must reduce the community custody term if the confinement and community custody terms combined exceed the statutory maximum.  RCW 9.94A.701(10).

Additionally, under RCW 9.94A.729(1)(a), the DOC may reduce an offender's term of confinement by "earned release time" based on good behavior or good performance.  Earned release time can be converted to community custody if an offender "will be supervised by the [DOC] pursuant to RCW 9.94.501."  RCW 9.94A.729(5)(a).  RCW 9.94.501(4)(e)(ii) provides that offenders with a current conviction for a domestic violence felony offense must be transferred to community custody in lieu of earned release time.

Here, Garcia was convicted of two counts of domestic violence felony violation of a court order, both crimes against a person subjecting him to community custody under RCW 9.94.701(3)(a).  The court sentenced Garcia to the statutory maximum term of confinement, 60 months.  Therefore, under RCW 9.94A.701(10), the court was required to reduce the one-year term of community custody to zero.  Instead, the court imposed a 12-month term of community custody and included the following notation on the judgment and sentence:

> If defendant is released before he has served a total of 60 months in custody, he shall immediately be placed onto community custody for the remaining balance of his 60 month sentence, not to exceed 12 months even if his remaining balance is for more than 12 months.  Defendant shall not be in custody or on supervision for any longer than 60 months on this cause.

(Capitalization omitted.)

6

We agree with Garcia that the court erred by imposing a sentence that exceeded the statutory maximum. However, we disagree with Garcia's contention that the court could not impose community custody, that the term imposed was indeterminate, and that the notation ruling is improper. State v. Bruch, 182 Wn.2d 854, 346 P.3d 724 (2015), is informative here.

In Bruch, the trial court imposed a term of confinement of 116 months for a defendant convicted of a sex offense, four months less than the statutory maximum, and a community custody term of "at least 4 months, plus all accrued earned early release time at the time of release." 182 Wn.2d at 857. The defendant asserted that his sentence was indeterminate because of the early release provision. Bruch, 182 Wn.2d at 862. Our Supreme Court disagreed. The court explained that the trial court's reference to earned early release was consistent with the procedures under RCW 9.94A.729(5) and that the trial court was not prohibited from referencing in the judgment and sentence the procedures under RCW 9.94A.729(5). Bruch, 182 Wn.2d at 864-65. The court then concluded that the trial court's sentence "[wa]s not indeterminate merely because [the defendant] may earn early release in lieu of community custody." Bruch, 182 Wn.2d at 866.

The court's notation ruling in the present case is like that in Bruch. Like the defendant in Bruch, Garcia is subject to DOC supervision because he was convicted of a domestic violence felony offense. Because Garcia is subject to DOC supervision, he must be transferred to community custody in lieu of earned release time per RCW 9.94A.729(5)(a). The court's notation here merely

7

explains this procedure and makes clear that Garcia will not serve more than 12 months of community custody if he is released early. As the Bruch court made clear, Garcia's sentence is not indeterminate merely because Garcia may earn early release time in lieu of community custody.

Finally, we note that the parties disagree as to the appropriate procedure for remedying the judgment and sentence. Garcia contends that a resentencing hearing is necessary for the court to amend the judgment and sentence. The State maintains that replacing the 12-month term of community custody with a 0-month term of community custody is a ministerial task that does not require a hearing. We agree with the State.

"[W]hen a hearing on remand involves only a ministerial correction and no exercise of discretion, the defendant has no constitutional right to be present." State v. Ramos, 171 Wn.2d 46, 48, 246 P.3d 811 (2011). And "[w]hen a sentence is insufficiently specific about the period of community placement, remand for the ministerial task of expressly stating the correct period of community placement is usually all that is required." Ramos, 171 Wn.2d at 48.

At sentencing, the court indicated its intent that Garcia be transferred to community custody if released early, stating: "I will grant the State's request that if Mr. Garcia is released early that the Court will impose community custody on the balances of his term up to 12 months." The community custody notation in the judgment and sentence mirrors the court's statements at sentencing. Because remand is necessary only to state the specific term of community placement—here, zero months unless Garcia is released early—the remand

8

hearing would be purely ministerial.  Therefore, we disagree with Garcia that resentencing is required.

Victim Penalty Assessment

Lastly, Garcia asserts that remand is necessary to strike the victim penalty assessment (VPA) from the judgment and sentence because he is indigent.  The State does not oppose remand for this purpose.  Because Garcia is indigent, we agree that remand is appropriate for Garcia to move the court to strike the fee.

Our legislature recently amended RCW 7.68.035 to prohibit the imposition of a VPA on indigent defendants as defined in RCW 10.01.160(3).  LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4).  The newly amended statute also requires the trial court to waive any VPA imposed prior to July 1, 2023, the effective date of the amended statute, on the offender's motion.  LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(5)(b).

Here, the amendment applies to Garcia because his case is on direct appeal and because the court previously determined he was indigent.  See State v. Ramirez, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2018).  Therefore, we remand for Garcia to move to have the VPA stricken from the judgment and sentence.

Affirmed and remanded.

Smith, C.J.

WE CONCUR:

Feldman, J.

Birk, J.

9