# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No.60408-6-II |
| Respondent, | |
| v. | |
| NATRONE DALE BOSTICK, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. – Natrone Bostick appeals his sentence for first degree kidnapping and first degree assault committed in 2016.

Effective July 2023, the legislature enacted RCW 9.94A.525(1)(b), which states that most juvenile adjudications may not be included in a defendant's offender score. At a resentencing in 2024, Bostick argued that four juvenile adjudications should not be included in his offender score under RCW 9.94A.525(1)(b). The trial court disagreed and included the juvenile adjudications in Bostick's offender score.

We hold that (1) the trial court did not err when it included Bostick's prior juvenile adjudications as part of his offender score when it resentenced him in 2024, and (2) the State sufficiently proved Bostick's criminal history. Accordingly, we affirm his sentence.

FACTS

*Background*

In May 2016, the State charged Bostick with first degree robbery, first degree burglary, first degree kidnapping, and first degree assault for an incident that occurred in April 2016. In June 2016, Bostick pleaded guilty to one count of first degree kidnapping and one count of first degree assault. The State agreed to drop the other two counts as part of the agreement. The trial court determined that Bostick's offender score was 3 for the assault conviction, based on four prior juvenile convictions and one adult conviction for unlawful possession of a controlled substance. The court sentenced him to 120 months for the assault conviction and 60 months for the kidnapping conviction, to run consecutively.

In February 2024, Bostick filed a motion for resentencing. Bostick argued that, pursuant *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521, his prior conviction for unlawful possession of a controlled substance could not be considered in his offender score. In his motion for resentencing, Bostick noted that "the original sentencing court included four non-violent, non-sex juvenile adjudications of guilt in its offender score calculation." Clerk's Papers (CP) at 123. The motion then stated, "Mr. Bostick does not dispute that each of these adjudications are part of his criminal history." CP at 123. But he argued that, pursuant RCW 9.94A.525(1)(b), his prior juvenile adjudications should not be counted in his offender score.

At the resentencing hearing, the trial court declined to apply RCW 9.94A.525(1)(b) and ruled that Bostick's offender score for the assault conviction was 2, changing his standard sentencing range for first degree assault to 111 to 147 months. Bostick's sentencing range for the kidnapping conviction was unchanged at 51 to 68 months. The court imposed the minimum

sentence on Bostick, 111 months for the assault conviction and 51 months for the kidnapping conviction.

Bostick appeals the trial court's sentence.

ANALYSIS

A.    APPLICABILITY OF RCW 9.94A.525(1)(b)

Bostick argues that the trial court improperly included his juvenile offenses in his offender score because RCW 9.94A.525(1)(b) was in effect at the time of his resentencing. The State responds that the trial court correctly applied RCW 9.94A.525 in its resentencing hearing because defendants must be sentenced based on the applicable law at the time of their offense. We agree with the State.

When Bostick committed the offenses in 2016, former RCW 9.94A.525(9) (2013) stated, "If the present conviction is for a serious violent offense, count. . . one point for each prior adult nonviolent felony conviction, and 1/2 point for each prior juvenile nonviolent felony conviction." First degree assault is a serious violent offense. RCW 9.94A.030(46)(a)(v).

In 2023, well after Bostick committed the offenses but before his resentencing, the legislature amended RCW 9.94A.525 to remove juvenile "adjudications of guilt. . . which are not murder in the first or second degree or class A felony sex offenses" from the offender score calculation. RCW 9.94A.525(1)(b). This amendment took effect on July 23, 2023. *See* LAWS OF 2023, ch. 415. Bostick was resentenced in April 2024.

We recently held that RCW 9.94A.525(1)(b) does not apply prospectively to sentencings that occur following the enactment of the amendment if the underlying offense was committed before the amendment was enacted. *State v. Solomon Gibson*, 33 Wn. App. 2d. 618, 621-24, 563 P.3d 1079 (2025).

Here, the underlying offenses took place in 2016, seven years before the amendment took effect. Therefore, we follow *Solomon Gibson* and hold that RCW 9.94A.525(1)(b) does not apply to Bostick's resentencing. Thus, the trial court did not err in calculating Bostick's offender score using his prior juvenile convictions.

B.     PROOF OF CRIMINAL HISTORY

Bostick argues that his case should be remanded for resentencing because the State failed to prove both his criminal history and whether his previous adjudications washed out. The State responds that the totality of the circumstances shows that Bostick acknowledged his juvenile adjudications and therefore the State was not required to prove each adjudication individually. We agree with the State.

1.     Legal Principles

"In determining the proper offender score, the court may rely on information that is admitted, acknowledged, or proved in a trial or at sentencing." *State v. Cate*, 194 Wn.2d 909, 913-14, 453 P.3d 990 (2019). The State has the burden of proving the criminal history by a preponderance of the evidence. *Id.* at 912-13. A prosecutor's unsupported summary of criminal history does not satisfy the State's burden. *Id.* at 913.

In addition, a defendant's failure to object to the offender score calculation does not satisfy the State's burden. *Id.* The defendant must affirmatively acknowledge the criminal history to waive the State's burden. *Id.* " '[A] defendant does not "acknowledge" the State's position . . . absent an affirmative agreement beyond merely failing to object.' " *In re Pers. Restraint of Connick*, 144 Wn.2d 442, 463-64, 28 P.3d 729 (2001) (alterations in original) (quoting *State v. Ford*, 137 Wn.2d 472, 483, 973 P.2d 452 (1999)).

Class B and C felony convictions, other than sex offenses, "wash out" and are not included in the offender score if the offender spent the necessary number of "consecutive years in the community without committing any crime that subsequently results in a conviction." RCW 9.94A.525(2)(b)-(c).

We review de novo a trial court's calculation of an offender score. *State v. Griepsma*, 17 Wn. App. 2d 606, 619, 490 P.3d 239 (2021). However, we review for substantial evidence the existence of a prior conviction, which is a question of fact. *Id.*

2.   Analysis

In his motion for resentencing, Bostick noted that the original sentencing court included four juvenile adjudications in his offender score calculations, and then stated, "Mr. Bostick does not dispute that each of these adjudications [is] part of his criminal history." CP at 123. The issue argued at the resentencing hearing was only whether the amendment applied to Bostick; there was no argument over the existence of the prior adjudications. We conclude that Bostick affirmatively acknowledged his prior criminal history, which relieved the State of providing proof.

In addition, convictions cannot wash out unless the offender spends the requisite number of years in the community without a subsequent conviction. RCW 9.94A.525(2)(b)-(c). At the time of resentencing, Bostick still was serving his sentence and thus had not reentered the community. Therefore, Bostick's prior adjudications could not have washed out because he had not spent the requisite number of years in community without another conviction.

CONCLUSION

We affirm Bostick's sentence.

No.60408-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

I concur:

GLASGOW, J.

No.60408-6-II

MAXA, P.J. (dissenting) – I dissent for the reasons stated in my dissent in *State v. Solomon Gibson*, 33 Wn. App. 2d 618, 563 P.3d 1079 (2025).

_____
MAXA, P.J.