# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58962-1-II |
| Appellant, | |
| v. | |
| CHRISTIAN DOMINIC SOLOMON GIBSON, | PUBLISHED OPINION |
| Respondent. | |

CRUSER, C.J. — The State appeals Christian Dominic Solomon Gibson's sentence for an October 2023 conviction relating to a March 2023 offense. Effective July 2023, the legislature enacted RCW 9.94A.525(1)(b), which states that most juvenile adjudications may not be included in a defendant's offender score. The trial court sentenced Solomon Gibson using an offender score that did not include his juvenile adjudications, based on RCW 9.94A.525(1)(b). The State argues that the trial court improperly excluded Solomon Gibson's juvenile adjudications when calculating his offender score because RCW 9.94A.525(1)(b) was not in effect at the time of his offense.

We hold that the trial court erred by not including Solomon Gibson's juvenile adjudications when calculating his offender score because the amendment to RCW 9.94A.525 at issue in this appeal does not apply to Solomon Gibson's sentence for his offense that occurred in March 2023. Accordingly, we reverse Solomon Gibson's sentence and remand to the trial court for resentencing.

No. 58962-1-II

FACTS

In October 2023, Solomon Gibson pleaded guilty to second degree unlawful possession of a firearm. This conviction related to an incident that occurred in March 2023. Sentencing occurred in November 2023.

Solomon Gibson stipulated to his prior criminal record, which included 7 juvenile adjudications and 1 adult conviction. At sentencing, the trial court did not include these juvenile adjudications when calculating Solomon Gibson's offender score based on RCW 9.94A.525(1)(b). Based on an offender score of 2, the standard sentencing range was 4 to 12 months. The court sentenced Solomon Gibson to 8 months of confinement. If the juvenile adjudications had been included in Solomon Gibson's offender score, the standard range would have been 22 to 29 months. CP 45.

The State appeals Solomon Gibson's sentence.

ANALYSIS

The State argues that the trial court improperly calculated Solomon Gibson's offender score by not including his juvenile adjudications because RCW 9.94A.525(1)(b) was not in effect at the time of his offense. Solomon Gibson argues that RCW 9.94A.525(1)(b) applies prospectively to sentencings that occur after the legislation's effective date in July 2023, even where the offenses were committed before that date. We agree with the State.

A.    AMENDMENT TO RCW 9.94A.525(1)

In March 2023, when Solomon Gibson committed the crime of first degree unlawful possession of a firearm, former RCW 9.94A.525(1) (2021) contained no provision precluding prior juvenile convictions from being counted when calculating an offender score.

In 2023, the legislature amended RCW 9.94A.525(1) by adding subsection (b), which states that "adjudications of guilt pursuant to Title 13 RCW [Juvenile Courts and Juvenile Offenders] which are not murder in the first or second degree or class A felony sex offenses may not be included in the offender score." RCW 9.94A.525(1)(b). This amendment became effective on July 23, 2023. LAWS OF 2023, ch. 415, § 2.

Sentences imposed under the Sentencing Reform Act of 1981, ch. 9.94A RCW, "shall be determined in accordance with the law in effect *when the current offense was committed*" unless otherwise provided. RCW 9.94A.345 (emphasis added). And the savings clause statute provides "Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared" in the amending act. RCW 10.01.040. The savings clause applies to "substantive changes in the law," which includes changes to "the punishment for offenses or the type of punishments possible." *State v. Jenks*, 197 Wn.2d 708, 721-22, 487 P.3d 482 (2021). The legislature can avoid application of RCW 9.94A.345 and RCW 10.01.040 by expressing a clear intent that a statutory amendment applies retroactively. *See Id.* at 720 (addressing savings clause); *State v. Tester*, 30 Wn. App. 2d 650, 546 P.3d 94, *review denied*, 3 Wn.3d 1019 (2024); *State v. Troutman*, 30 Wn. App. 2d 592, 599-600, 546 P.3d 458, *review denied*, 3 Wn.3d 1016 (2024).

Our supreme court has held that new laws affecting costs that are not final until all appeals are completed may apply to cases that are pending on appeal. *State v. Ramirez*, 191 Wn.2d 732, 748, 426 P.3d 714 (2018). But the supreme court has rejected the argument that new laws substantively affecting terms of confinement apply to cases pending on appeal without an express

indication of legislative intent to that end. *Jenks*, 197 Wn.2d at 722-24. In *Jenks*, the supreme court held that a new law removing second degree robbery from the list of most serious offenses did not apply to cases pending on appeal at the law's effective date. *Id*. This was because "the triggering event for determining who qualifies as a persistent offender occurs when someone has been convicted of a most serious offense *and* was also, in the past, convicted of two other most serious offenses on separate occasions." *Id*. at 722.

The amendment to RCW 9.94A.525 at issue in this case added a clause stating that "adjudications of guilt pursuant to Title 13 RCW [for juvenile adjudications] which are not murder in the first or second degree or class A felony sex offenses may not be included in the offender score." RCW 9.94A.525(1)(b); LAWS OF 2023, ch. 415, §2. The intent statement provides that the legislature intends to facilitate rehabilitation, reintegration, and due process, and to recognize the research of juvenile brains and the disproportionate impact of juvenile adjudications on adult sentences. LAWS OF 2023, ch. 415, §1. Because the amendment affects offender scores, it is a substantive change in the law to which the savings clause applies. *Jenks*, 197 Wn.2d at 721. Nothing in the bill mentions retroactive application or indicates that it should apply to cases pending on the effective date.[1] Applying the 2023 amendment to Solomon Gibson's case would therefore violate RCW 9.94A.345 by applying a sentencing law that was not in effect when he committed his offenses in March, 2023.

---

[1] *See State v. Troutman*, 30 Wn. App. 2d at 599-600 (rejecting an argument about prospective application of the amendment to cases pending on the effective date based on the plain language); *In re Pers. Restraint of Scabbyrobe*, 39562-6-III, slip op. at 4-6 (Wash. Ct. App. Jan. 25, 2024) (rejecting an argument about the retroactivity of the amendment based on the legislative history).

The dissent relies on *Tester*, 30 Wn. App. 2d 650, which in turn relies on dictum in *Jenks*. In *Jenks*, our supreme court, rejected Jenks' effort to have his persistent offender sentence vacated based on the legislature's removal of robbery in the second degree from the list of "most serious offenses" that served as a "strike" under the Persistent Offender Accountability Act (POAA). The court held that both RCW 9.94A.345 and RCW 10.01.040 (the savings statute) require that the law in effect at the time of the commission of the crime governs the sentence to be imposed. *Jenks*, 197 Wn.2d at 715-22. This was the primary holding of the court and it disposed of Jenks' claim on appeal. However, the court went on to discuss Jenks' additional argument that *Ramirez*, 191 Wn.2d 732, governed Jenks' offender score calculation. The court rejected Jenks' argument, recognizing that although it held, in *Ramirez*, that the " 'precipitating event' for a statute 'concerning attorney fees and costs of litigation' was the termination of the defendant's case, . . . [w]e decline to expand *Ramirez*." *Jenks*, 197 Wn.2d at 723 (internal quotation marks omitted) (quoting *Ramirez*, 191 Wn.2d at 749) (citing *State v. Blank*, 131 Wn.2d 230, 249, 930 P.2d 1213 (1997)). The court went on to say "*Ramirez* and *Blank*, the case on which *Ramirez* was largely based, dealt with the narrow subject matter of 'costs imposed upon conviction.' Such subject matter is not analogous to the determination of whether a defendant qualifies as a persistent offender, as is the case here." *Id.* (quoting *Ramirez*, 191 Wn.2d at 749) (discussing *Blank*, 131 Wn.2d at 230). We conclude that *Tester's* reliance on dictum from *Jenks* is misplaced, and therefore disagree with the dissent's reliance on the "triggering date" analysis from *Tester*. We further observe that the dissent's position renders both RCW 9.94A.345 and RCW 10.01.040 meaningless.

No. 58962-1-II

Accordingly, we agree with the State and hold that the sentencing court erred in failing to include Solomon-Gibson's juvenile adjudications in his offender score.

CRUSER, C.J.

We concur:

LEE, J.

MAXA, J. (dissenting) – The legislature enacted RCW 9.94A.525(1)(b), which states that most juvenile adjudications may not be included in a defendant's offender score, after Christian Dominic Solomon Gibson committed the offense at issue but before he was sentenced. I believe that this statutory amendment applies prospectively to the calculation of Solomon Gibson's offender score at sentencing. Therefore, I dissent.

I agree with the majority that under RCW 9.94A.345 and RCW 10.01.040, "sentences imposed under the SRA are *generally* meted out in accordance with the law in effect at the time of the offense." *State v. Jenks*, 197 Wn.2d 708, 714, 487 P.3d 482 (2021) (emphasis added). But an exception is when a statutory amendment applies prospectively to an event that has not yet occurred.

"[S]tatutes are presumed to apply prospectively rather than retroactively." *State v. Tester*, 30 Wn. App. 2d 650, 655, 546 P.3d 94 (2024). This means that "under some circumstances a prospective statutory amendment may apply to a case pending on direct appeal even though the offense occurred before enactment of the statute." *Id.* A statutory amendment applies prospectively to a pending appeal " 'if the precipitating event under the statute occurred after the date of enactment.' " *Id.* (quoting *Jenks*, 197 Wn.2d at 722). This court looks "to the subject matter that the statute regulates to determine the precipitating event for application of the statute." *Tester*, 30 Wn. App. 2d at 655.

In *Jenks*, the defendant was sentenced in 2017 to life in prison without parole under the Persistent Offender Accountability Act (POAA) for an offense committed in 2014. 197 Wn.2d at 711. One of his strike offenses was second degree robbery. *Id.* While the case was pending

on appeal, the legislature in 2019 enacted a statutory amendment that removed second degree robbery from the list of strike offenses under the POAA. *Id.*

The Supreme Court held that both RCW 9.94A.345 and RCW 10.01.040 precluded the application of the statutory amendment to the defendant's case. *Id.* at 719, 722. Instead, the defendant had to be sentenced under the statutory scheme in effect at the time he committed his offense. *Id.* at 715.

However, the court then proceeded to address the defendant's argument that the statutory amendment should be applied prospectively to his case because it still was pending on direct appeal when the amendment was enacted. *Id.* at 722. The court held that the statutory amendment did not apply prospectively to that case because the triggering event under the statutory amendment was the defendant's 2017 conviction, which occurred before enactment of the statutory amendment. *Id.* at 722-23.

In *State v. Troutman*, the defendant was sentenced in March 2022 for a conviction arising from a May 2019 incident. 30 Wn. App. 2d 592, 595-96 & n.2, 546 P.3d 458 (2024). The trial court included two juvenile adjudications in the defendant's offender score. *Id.* at 597. The defendant argued that her offender score should not have included her juvenile adjudications under RCW 9.94A.525(1)(b). *Id.*

Division One of this court held that under RCW 9.94A.345 and RCW 10.01.040, the law in effect at the time of the defendant's offense applied to her sentence. *Id.* at 599-600. The court also held that RCW 9.94A.525(1)(b) did not apply prospectively to that case because the triggering event under the statute was the sentencing, which occurred before the statute's effective date. *Id.* at 600.

8

In *Tester*, the defendant was sentenced in October 2022 for a conviction arising from a May 2022 incident. 30 Wn. App. 2d at 653. The trial court included six juvenile adjudications in the defendant's offender score. *Id.* The defendant argued that his offender score should not have included his juvenile adjudications under RCW 9.94A. 525(1)(b). *Id.*

This court held that under RCW 9.94A.345 and RCW 10.01.040, the former version of RCW 9.94A.525(1) applied to the defendant's sentence rather than RCW 9.94A.525(1)(b). *Id.* at 656. This court also held that RCW 9.94A.525(1)(b) did not apply prospectively to that case because the triggering event for determining the defendant's offender score was the defendant's sentencing, which occurred before the statute's effective date. *Id.* at 657.

For purposes of this case, the key to both *Troutman* and *Tester* is that both courts expressly stated that the triggering event for *prospective* application of RCW 9.94A.525(1)(b) was sentencing. *Troutman*, 30 Wn. App. 2d at 600; *Tester*, 30 Wn. App. 2d at 657. As this court stated in *Tester*, "[t]he triggering event for determining a defendant's offender score is the defendant's sentencing for a conviction, at which the offender score is calculated." 30 Wn. App. 2d at 657.

The majority disregards these statements in *Troutman* and *Tester*. Instead, the majority holds that statutory amendments can never operate prospectively if RCW 9.94A.345 and RCW 10.01.040 apply. But if that were the case, the Supreme Court in *Jenks* would not have had to address prospective application after determining that RCW 9.94A.345 and RCW 10.01.040 generally precluded the application of the statutory amendment in that case. The court simply would have stated that the prospective application argument was immaterial.

9

No. 58962-1-II

Here, the triggering event for prospective application of RCW 9.94A.525(1)(b) was Solomon Gibson's sentencing. Solomon Gibson was sentenced after the effective date of RCW 9.94A.525(1)(b). Therefore, I would hold that RCW 9.94A.525(1)(b) applies prospectively to this case.

_____
MAXA, J.