# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59750-1-II |
| Respondent, | |
| v. | |
| BRENDON WAYNE JACQUES, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—The plain language of both RCW 9.94A.345 and the saving clause in RCW 10.01.040 require that sentencing courts apply the sentencing law in effect at the time the defendant committed the relevant offense, absent a clear statement of intent supporting retroactivity. Brendon Jacques committed a second degree robbery in April 2023, then pleaded guilty and was sentenced in October 2023. In July 2023, after Jacques' crime, before his sentencing, the legislature enacted an amendment to RCW 9.94A.525(1)(b), which states that most juvenile adjudications cannot be included in a defendant's offender score. The legislature did not make the amendment retroactive.

The trial court sentenced Jacques using an offender score that did not include his prior juvenile adjudication, based on the amendment to RCW 9.94A.525(1)(b). The State appeals, arguing that the trial court improperly excluded Jacques' juvenile adjudication when calculating his offender score because RCW 9.94A.525(1)(b) was not in effect at the time of his offense.

Following our recent decision in *State v. Solomon Gibson*,[1] we hold that the trial court erred by not including Jacques' juvenile adjudication when calculating his offender score because RCW 9.94A.525(1)(b) does not apply to Jacques' sentence for an offense that occurred before the effective date of that statute. Accordingly, we reverse Jacques' sentence and remand to the trial court for resentencing.

FACTS

In April 2023, the State charged Jacques with second degree robbery for an incident that occurred on April 11. In July 2023, after Jacques' crime, before his guilty plea and sentencing, the legislature enacted an amendment to RCW 9.94A.525(1)(b), which states that most juvenile adjudications cannot be included in a defendant's offender score. LAWS OF 2023, ch. 415, § 2.

Jacques pleaded guilty to the second degree robbery charge in October 2023. Jacques had a prior juvenile adjudication of second degree assault with a deadly weapon, which under the version of RCW 9.94A.525 in effect at the time of his offense would count as 2 points when calculating his offender score. Former RCW 9.94A.525(8) (2021). However, the trial court ruled that the current version of RCW 9.94A.525(1)(b) applied because the amendment took effect before the court determined Jacques' offender score and sentenced him. Therefore, the trial court calculated Jacques' offender score as 0.

With an offender score of 0, Jacques' standard sentencing range was three to nine months. The trial court sentenced Jacques to five months in confinement.

The State appeals the trial court's sentence.

---

[1] 33 Wn. App. 2d 618, 563 P.3d 1079 (2025).

ANALYSIS

A.  Amendment to RCW 9.94A.525(1)

In April 2023, former RCW 9.94A.525(8) provided, "If the present conviction is for a violent offense . . . count two points for each prior adult and juvenile violent felony conviction." Second degree robbery and second degree assault are both violent offenses. RCW 9.94A.030(58)(viii), (xi).[2]

In 2023, the legislature amended RCW 9.94A.525(1) by adding subsection (b), which states that juvenile "adjudications of guilt . . . which are not murder in the first or second degree or class A felony sex offenses may not be included in the offender score." RCW 9.94A.525(1)(b). This amendment took effect on July 23, 2023. *See* LAWS OF 2023, ch. 415. Jacques was sentenced in October 2023.

B.  RCW 9.94A.345 and the Saving Clause

"In Washington, 'the fixing of legal punishments for criminal offenses is a legislative function.'" *State v. Jenks*, 197 Wn.2d 708, 713, 487 P.3d 482 (2021) (internal quotation marks omitted) (quoting *State v. Hughes*, 154 Wn.2d 118, 149, 110 P.3d 192 (2005)). "It is therefore 'the function of the legislature and not of the judiciary to *alter* the sentencing process.'" *Id*. (internal quotation marks omitted) (quoting *Hughes*, 154 Wn.3d at 149). And "'[t]he court's fundamental objective in construing a statute is to ascertain and carry out the legislature's intent.'" *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010) (quoting *Arborwood Idaho, LLC v. City of Kennewick,* 151 Wn.2d 359, 367, 89 P.3d 217 (2004)). Generally, "we

---

[2] This statute has been amended since Jacques' offense, but the amendment does not affect our analysis. We cite the current version of the statute.

interpret statues to render no part of them superfluous." *Wash. Conservation Action Educ. Fund v. Hobbs*, 3 Wn.3d 768, 771, 557 P.3d 669 (2024).

RCW 9.94A.345 provides that sentences imposed under the Sentencing Reform Act of 1981, chapter 9.94A RCW, "shall be determined in accordance with the law in effect when the current offense was committed." And the saving clause statute states,

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act.

RCW 10.01.040. "The saving clause applies to 'substantive changes in the law,' which includes changes to 'the punishment for offenses or the type of punishments possible.'" *Solomon Gibson*, 33 Wn. App. 2d. at 621 (quoting *Jenks*, 197 Wn.2d at 721-22).

"The legislature can avoid application of RCW 9.94A.345 and RCW 10.01.040 by expressing a clear intent that a statutory amendment applies retroactively." *Id.*; *see Jenks*, 197 Wn.2d at 720. "[S]tatutes are presumed to apply prospectively rather than retroactively." *State v. Tester*, 30 Wn. App. 2d 650, 655, 546 P.3d 94 (2024).

C.      Cases Applying RCW 9.94A.345 and the Saving Clause

The Washington Supreme Court recently applied RCW 9.94A.345 and RCW 10.01.040 in *Jenks,* where the defendant was sentenced in 2017 to life in prison without parole under the Persistent Offender Accountability Act (POAA) for an offense committed in 2014. *Jenks,* 197 Wn.2d at 711. One of his strike offenses was second degree robbery. *Id.* While the case was pending on appeal, the legislature in 2019 enacted a statutory amendment that removed second degree robbery from the list of strike offenses under the POAA. *Id.*

The Supreme Court held that both RCW 9.94A.345 and RCW 10.01.040 precluded the application of the statutory amendment to the defendant's case. *Id.* at 719, 722. Instead, the defendant had to be sentenced under the statutory scheme in effect at the time he committed his offense. *Id.* at 715. The Supreme Court also addressed the defendant's argument that the statutory amendment should be applied to his case because his case still was pending on direct appeal and not yet final when the amendment was enacted. *Id.* at 723. A statutory amendment may apply prospectively to a pending appeal in this way "'if the precipitating event under the statute occurred after the date of enactment.'" *Id* at 722. (quoting *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 809, 272 P.3d 209 (2012)).

We look to the subject matter that the statute regulates to determine the precipitating event. *Id*. For example, the Supreme Court has held that new laws affecting costs may apply to cases pending on appeal and not yet final because in those cases, the precipitating event is sentencing. *State v. Ramirez*, 191 Wn.2d 732, 749, 426 P.3d 714 (2018). But in *Jenks*, the Supreme Court rejected the argument that the precipitating event is sentencing where a new law substantively affects terms of confinement, without an express indication of legislative intent to that end. 197 Wn.2d at 723-24. The *Jenks* court held that the statutory amendment at issue in that case, which substantively affected the term of confinement, did not apply because the precipitating event under the statute was instead the defendant's 2017 conviction which occurred before enactment of the statutory amendment. *Id.* at 723.

In *Solomon Gibson*, this court recently addressed the applicability of the 2023 amendment to RCW 9.94A.525(1)(b) under facts similar to this case. 33 Wn. App. 2d at 620. Solomon Gibson committed his offense in March 2023; the statutory amendment occurred in July 2023, and

5

Solomon Gibson was sentenced in November 2023. *Id*. Solomon Gibson's criminal record included seven juvenile adjudications and one adult conviction. *Id.* The trial court applied the 2023 amendment to RCW 9.94A.525(1)(b) at sentencing and did not include the juvenile adjudications when calculating Solomon Gibson's offender score. *Id*.

We held that because the amendment was not in effect when Solomon Gibson committed the offense in March 2023, it did not apply to the calculation of his offender score. *Id*. We concluded that RCW 9.94A.345 and RCW 10.01.040 mandated that Solomon Gibson's sentence be determined based on the law in effect when he committed the offense. *Id*.at 621-23. "Because the amendment affects offender scores, it is a substantive change in the law to which the saving clause applies." *Id.* at 622.

Moreover, we reasoned that the Washington Supreme Court's discussion of the precipitating event in *Jenks* did not change this result. In *Jenks,* the Washington Supreme Court distinguished between changes in the law substantively affecting the length of a sentence and changes in the law affecting "costs imposed upon conviction." 197 Wn.2d at 723 (quoting *Ramirez*, 191 Wn.2d at 749). Where a change involved costs, the precipitating event was the termination of the defendant's case. *Id.* But where the statutory change involved a substantive change to the length of confinement, not costs, the plain language of the saving clause applies. *Solomon Gibson,* 33 Wn. App. 2d at 622. The *Solomon Gibson* court emphasized that otherwise, RCW 9.94A.345 and RCW 10.01.040 would be meaningless. *Id.* at 623.

D.     Jacques' Arguments in this Case

We agree with the analysis in *Solomon Gibson*. RCW 9.94A.345 and RCW 10.01.040 make it clear that a defendant's sentence must be determined based on the law in effect when they

committed the offense, and the Supreme Court has applied these statutes consistent with their plain language. *Jenks*, 197 Wn.2d at 715, 719.

Here, the trial court's application of the new language in RCW 9.94A.525(1)(b) ignored RCW 9.94A.345 and RCW 10.01.040. The trial court's approach also ignored that it is the legislature's function to alter the sentencing process through statutory amendments, and it is the court's function to interpret the relevant statutes harmoniously, seeking to render no part of them superfluous or meaningless. *Jenks*, 197 Wn.2d at 713; *Lake*, 169 Wn.2d at 526; *Hobbs*, 3 Wn.3d at 771. RCW 9.94A.345 and RCW 10.01.040 would be meaningless if courts determined that the sentencing was always the precipitating event and thus that the statutes in effect at sentencing always applied.

Jacques claims that the plain meaning of RCW 9.94A.525(1)(a)[3] is that the date of sentencing is the operative date for calculating the offender score. RCW 9.94A.525(1)(a) states, "A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed" and, "[c]onvictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed 'other current offenses.'" Jacques argues that RCW 9.94A.525(1)(a) focuses on the date of sentencing for determining an offender's prior convictions. Jacques contends that RCW 9.94A.525(1)(a) creates an exception to RCW 9.94A.345 because it indicates that the date of sentencing is the operative date for purposes of calculating an offender score. But RCW 9.94A.525(1)(a) says nothing about what law applies to sentencing; RCW 9.94A.345 provides that rule. And setting

---

[3] This provision was subsection (1) before the 2023 amendments at issue in this case and is now subsection (1)(a). The 2023 amendment did not change the wording of this subsection. For clarity, we cite the current version of the subsection.

aside RCW 9.94A.345 and RCW 10.01.040 as Jacques suggests, would contradict the Supreme Court's reasoning in *Jenks.*

In the alternative, Jacques argues that the statutory amendment's statement of intent demonstrates that the legislature intended that RCW 9.94A.525(1)(b) apply to pending cases, even if the offense occurred before its effective date. The legislature stated that the intent of the 2023 amendment was to "[g]ive real effect to the juvenile justice system's express goals of rehabilitation and reintegration"; bring Washington in line with other states that "do not consider prior juvenile offenses in sentencing range calculations for adults"; recognize the research showing that an "adolescent's perception, judgment, and decision making differs significantly from that of adults"; facilitate due process in juvenile adjudications; and "[r]ecognize how grave disproportionality within the juvenile legal system may subsequently impact sentencing ranges in adult court." LAWS OF 2023, ch. 415, § 1. But neither this statement of intent nor the plain language of RCW 9.94A.525(1)(b) states that the amendment should be applied retroactively. *See Solomon Gibson*, 33 Wn. App. 2d at 622.

Finally, Jacques argues that RCW 9.94A.525(1)(b) applies to his case because it is remedial. "Remedial statutes generally involve procedural matters rather than substantive matters." *Tester*, 30 Wn. App. 2d at 658. But "'changes to criminal punishments are substantive, not procedural.'" *Id*. (quoting *Jenks*, 197 Wn.2d at 721). In any event, "the remedial nature of an amendment is irrelevant when the statute is subject to RCW 10.01.040." *Id.* at 658-59.

Accordingly, we hold that the trial court erred when it applied the 2023 amendments to RCW 9.94A.525(1)(b) when calculating Jacques' offender score.

No. 59750-1-II

CONCLUSION

We reverse Jacques' sentence and remand to the trial court for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
GLASGOW, J.

I concur:

_____
CHE, J.

9

No. 59750-1-II

MAXA, P.J., (dissenting) – I dissent for the reasons stated in my dissent in *State v. Solomon Gibson*, 33 Wn. App. 2d 618, 563 P.3d 1079 (2025).

_____
MAXA, P.J.