# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  59603-2-II |
| Respondent, | |
| v. | |
| RANDALL MARQUISE EMBRY, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Randall M. Embry appeals his sentence following convictions for attempted first degree murder with a firearm enhancement, first degree unlawful possession of a firearm, and first degree conspiracy to commit murder.  Embry argues that he was entitled to a jury finding on same criminal conduct and that his prior juvenile adjudications should not have been included in his offender score.[1]  We affirm.

## FACTS

In 2010, Embry pleaded guilty to attempted first degree murder with a firearm enhancement, first degree unlawful possession of a firearm, and first degree conspiracy to commit murder.

---

[1] In his opening brief, Embry also argued that during sentencing the superior court scored the incorrect offense under RCW 9.94A.589(1)(b).  However, Embry withdrew this argument in his reply brief, and therefore, we do not consider it further.

In May 2021, Embry was resentenced because his criminal history included convictions that were invalid under *State v. Blake*.[2] Embry argued that none of his juvenile adjudications should be included in his offender score based on recent legislative amendments that excluded most juvenile adjudications from offender score calculations. Embry also presented mitigating evidence based on his rehabilitative efforts in prison.

The State argued that Embry's juvenile adjudications should be included in his offender score. The State recommended a sentence of a total of 400 months on the attempted first degree murder with a firearm enhancement. However, the State argued that an exceptional sentence, which would run the sentence for the conspiracy to commit murder concurrent to the attempted first degree murder, would be appropriate in light of the sentences imposed on Embry's co-defendants and other similar cases.[3]

The superior court determined that Embry's juvenile adjudications should be scored in his offender score. Further, the superior court accepted the State's recommendation for an exceptional sentence and ran the attempted first degree murder and conspiracy sentences concurrently. The superior court imposed a standard range sentence of 300 months on the attempted first degree murder, plus the 60 month firearm enhancement, resulting in a total of 360 months' confinement.

Embry appeals.

---

[2] 197 Wn.2d 170, 481 P.3d 521 (2021).

[3] Generally, sentences for multiple serious violent offenses would be served consecutively. *See* RCW 9.94A.589(1)(b).

ANALYSIS

Embry argues that he is entitled to a jury finding related to same criminal conduct based on *Erlinger*.[4] Embry also argues that his juvenile adjudications should not have been counted in his offender score. We disagree.

First, Embry argues *Erlinger* requires a jury to make a finding related to same criminal conduct.[5] Prior to *Erlinger*, our Supreme Court held that a jury finding is not required for same criminal conduct determinations because a same criminal conduct finding can only lower, rather than increase, an offender's standard sentencing range. *In re Pers. Restraint of Markel*, 154 Wn.2d 262, 274-75, 111 P.3d 249 (2005). And Washington courts have held that *Erlinger* does not overrule existing Washington precedent because it is limited to the "different occasions" inquiry under the federal Armed Career Criminal Act. *State v. Frieday,* 33 Wn. App. 2d 719, 747, 565 P.3d 139, *review denied*, 574 P.3d 539 (2025); *State v. Anderson*, 31 Wn. App. 2d 668, 681, 552 P.3d 803, *review denied*, 3 Wn.3d 1034 (2024). Thus, *Erlinger* does not require a jury finding related to same criminal conduct.

Second, Embry argues that the superior court should not have included his prior juvenile adjudications in his offender score. Effective July 23, 2023, the legislature amended RCW 9.94A.525(1)(b) to exclude most juvenile convictions from calculation of an offender score. LAWS OF 2023, ch. 415, § 2. However, RCW 9.94A.345 and RCW 10.01.040 require that the superior

---

[4] *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024).

[5] We note that Embry did not raise same criminal conduct at his resentencing. However, the superior court determined that Embry's offenses were not the same criminal conduct at his original sentencing hearing. *State v. Embry*, 171 Wn. App. 714, 764-66, 287 P.3d 648 (2012), *review denied*, 177 Wn.2d 1005 (2013).

court apply the sentencing laws in effect at the time of the offense. *State v. Solomon Gibson*, 33 Wn. App. 2d 618, 622-23, 563 P.3d 1079, *review denied*, 4 Wn.3d 1035 (2025) (holding that amendments to RCW 9.94A.525 do not apply to crimes committed before the effective date of the amendments). Therefore, the superior court did not err by including Embry's juvenile adjudications in his offender score.

## CONCLUSION

We affirm Embry's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

MAXA, J.