# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  60030-7-II |
| Respondent, | |
| v. | |
| MAURICIO TERRENCE PAIGE-COLTER, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Mauricio T. Paige-Colter appeals his sentence following convictions for first degree assault with a firearm sentencing enhancement and first degree unlawful possession of a firearm.  Paige-Colter argues that: (1) based on the United States Supreme Court's holding in *Erlinger v. United States*,[1] he was entitled to a jury finding on the same criminal conduct for his convictions because RCW 9.94A.589(1)(a) is unconstitutional; (2) his prior juvenile adjudications should not have been included in his offender score; and (3) the trial court failed to consider his request for an exceptional sentence below the standard range.  We disagree and affirm.

FACTS

A.    BACKGROUND

In August 2011, Paige-Colter was arguing with the mother of his child, Brandy Wallace, over the phone.  Paige-Colter told Wallace that he was coming home, and because Wallace did not want to fight in the house, she planned on driving down the street to speak with him.  After arguing

---

[1]  602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024).

from their vehicles, Wallace drove back to her driveway, and Paige-Colter parked behind her. Wallace rolled down her window slightly, and Paige-Colter approached her vehicle. Paige-Colter repeatedly tapped the barrel of a gun against Wallace's car window and told Wallace that he was going to kill her. After about ten minutes, Paige-Colter shot Wallace near her collarbone.

On November 29, 2011, a jury found Paige-Colter guilty of first degree assault and first degree unlawful possession of a firearm. The jury also found that Paige-Colter was armed with a firearm at the time of the first degree assault.

The trial court sentenced Paige-Colter to 300 months in custody for the first degree assault conviction and 60 months in custody for the firearm sentencing enhancement, to be served consecutive to the 300 months for the first degree assault conviction. The trial court also sentenced Paige-Colter to 116 months in custody for the first degree unlawful possession of a firearm conviction, to be served concurrently with the sentence for first degree assault. Thus, the trial court sentenced Paige-Colter to 360 months of total confinement.

B. *BLAKE* RESENTENCING

In August 2024, Paige-Colter was resentenced because his criminal history included convictions that were vacated by *State v. Blake*.[2] At his resentencing, Paige-Colter argued that his juvenile adjudications should not be included in his offender score based on legislative amendments that excluded most juvenile adjudications from offender score calculations. Paige-Colter also requested an exceptional sentence downward, in part based on statements from

---

[2] 197 Wn.2d 170, 481 P.3d 521 (2021).

Wallace. Addressing the trial court at resentencing, Wallace contextualized their relationship and provided her perspective on the offense:

> We were on drugs. And [Paige-Colter] had been up for a couple days. We were at each other all the time. And you know, . . . it was an accident.
>
> Yes, did he have his gun pointed at me like a dummy? Yeah. That shouldn't—you know, people on drugs shouldn't have guns. . . .
>
> . . . .
>
> . . . He was stupid to have that thing pointed at me, right.

Verbatim Rep. of Proc. (VRP) (Aug. 9, 2024) at 28-29. However, Wallace explained that Paige-Colter had changed, and she discussed her desire for "full restoration in [their] family." VRP (Aug. 9, 2024) at 31.

After hearing the parties' arguments, the resentencing court expressly stated that it considered the statements of Paige-Colter's friends and family, Paige-Colter's rehabilitation, "the position of the victim, which, . . . is somewhat unique here," the jury's verdict, and the offender score. VRP (Aug. 9, 2024) at 53. The resentencing court sentenced Paige-Colter to 240 months in custody, which was the low end of the standard sentencing range, with an additional 60 months for the firearm sentencing enhancement. The resentencing court added that one of the reasons for the sentence was that "some of the stuff that makes [Paige-Colter's] score higher is something that now would not make your score higher, the juvenile convictions." VRP (Aug. 9, 2024) at 53. Accordingly, the resentencing court reduced Paige-Colter's sentence to a total of 300 months in custody.

Paige-Colter appeals.

ANALYSIS

Paige-Colter argues that based on the United States Supreme Court's holding in *Erlinger*, he was entitled to a jury finding on the same criminal conduct for his convictions and that RCW 9.94A.589(1)(a) is unconstitutional. Next, he contends that his prior juvenile adjudications should not have been included in his offender score. Finally, Paige-Colter argues that the resentencing court failed to consider his request for an exceptional sentence below the standard range.

A.       SAME CRIMINAL CONDUCT FOLLOWING *ERLINGER*

Paige-Colter first argues that *Erlinger* requires a jury to make a finding related to the same criminal conduct such that RCW 9.94A.589(1)(a) is void. He contends that the resentencing court erred in concluding that two of his current offenses and two prior juvenile offenses were not the same criminal conduct. However, Paige-Colter did not argue during his first sentencing hearing nor during resentencing that his convictions were based on the same criminal conduct. The State argues that we should not review this challenge because Paige-Colter did not preserve the issue for appeal nor address RAP 2.5(a) in his opening brief. We agree with the State.

Generally, appellate courts will not consider issues raised for the first time on appeal. RAP 2.5(a); *State v. Frieday*, 33 Wn. App. 2d 719, 743, 565 P.3d 139, *review denied*, 5 Wn.3d 1006 (2025), *cert. denied*, ___ S. Ct. ___, 2026 WL 490556 (2026). However, a party may raise an error for the first time on appeal if it is a manifest error affecting a constitutional right. RAP 2.5(a)(3); *State v. Lee*, ___ Wn.3d ___, 582 P.3d 271, 280 (2026). When a defendant raises a new argument on appeal, they must generally address RAP 2.5(a) in their brief; otherwise, the issue is waived. *Frieday*, 33 Wn. App. at 744.

The State is correct that Paige-Colter raises this issue for the first time on appeal. And Paige-Colter only addresses RAP 2.5(a) for the first time in his reply brief. Paige-Colter argues in his reply brief that this court should exercise its discretion to review his challenge merely because "[his] assignment of error fits squarely within RAP 2.5(a)." Reply Br. of Appellant at 3. We decline to consider Paige-Colter's argument. RAP 10.3(a)(6); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."), *review denied*, 136 Wn.2d 1015 (1998); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

B.     JUVENILE ADJUDICATIONS IN OFFENDER SCORE

Next, Paige-Colter argues that his juvenile convictions should not have been included in his offender score. We disagree.

Paige-Colter committed his crimes in August 2011, and he was convicted in November 2011. Paige-Colter was resentenced in August 2024 because his criminal history included convictions that were vacated by *Blake*.

Effective July 23, 2023, the legislature amended RCW 9.94A.525(1)(b) to exclude most juvenile convictions from offender score calculations. LAWS OF 2023, ch. 415, § 2. But RCW 9.94A.345 and RCW 10.01.040 require that the trial court apply the sentencing laws in effect at the time the offense was committed. *State v. Solomon Gibson*, 33 Wn. App. 2d 618, 622-23, 563 P.3d 1079, *review denied*, 4 Wn.3d 1035 (2025) (holding that amendments to RCW 9.94A.525 do not apply to crimes committed before the effective date). Accordingly, the 2023 amendments to

RCW 9.94A.525(1)(b) do not apply to Paige-Colter, and the resentencing court did not err by including Paige-Colter's juvenile convictions in his offender score.

C.    REQUEST FOR EXCEPTIONAL SENTENCE

Finally, Paige-Colter contends that the resentencing court failed to consider Paige-Colter's request for an exceptional sentence below the sentencing range. We disagree.

Generally, a criminal defendant cannot appeal a sentence within the standard sentencing range. RCW 9.94A.585(1); *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017). But this prohibition does not extend to a party's right to challenge the underlying legal conclusions and determinations by which a trial court comes to apply a particular sentencing provision. *State v. Mandefero*, 14 Wn. App. 2d 825, 833, 473 P.3d 1239 (2020).

We review a trial court's decision to deny an exceptional sentence for abuse of discretion. *State v. Delbosque*, 195 Wn.2d 106, 116, 456 P.3d 806 (2020). "A trial court errs when 'it refuses categorically to impose an exceptional sentence below the standard range under any circumstances' or when it operates under the 'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" *McFarland*, 189 Wn.2d at 56 (alteration in original) (quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), *review denied*, 136 Wn.2d 1002 (1998); *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

Paige-Colter argues that "the [re]sentencing judge did not consider the request for an exceptional sentence despite the factual basis provided by Ms. Wallace, who stated that she did not believe Paige-Colter acted with intent or, at worst, his intent was compromised." Br. of Appellant at 23-24. Further, Paige-Colter contends that Wallace's statement supports an

6

exceptional sentence "based on diminished intent" and that the resentencing court's "failure to exercise discretion is itself an abuse of discretion subject to reversal." Br. of Appellant at 24.

Here, the resentencing court expressly considered statements from Paige-Colter's family and friends, his rehabilitation efforts, and "the position of the victim, which, . . . is somewhat unique here." VRP (Aug. 9, 2024) at 53. The resentencing court also stated that it considered Paige-Colter's offender score and "the fact that there was a jury trial here, and the jury did issue a verdict . . . with a firearm enhancement." VRP (Aug. 9, 2024) at 53. After considering these factors, the resentencing court imposed a sentence at the low end of the standard sentencing range. Nothing in the record suggests that the resentencing court categorically refused to impose an exceptional sentence or that the resentencing court believed it did not have the discretion to impose a mitigated sentence if Paige-Colter was eligible.

Moreover, Paige-Colter relies on *State v. O'Dell*, 183 Wn.2d 680, 697, 358 P.3d 359 (2015), to argue that the resentencing court should have considered his "diminished intent" as presented in Wallace's statement. Br. of Appellant at 24. However, *O'Dell* addressed the failure to consider whether a defendant's youthfulness affected their capacity to appreciate the wrongfulness of their conduct, rather than general diminished intent. 183 Wn.2d at 696. Here, Paige-Colter was 34 years old at the time he assaulted Wallace. Paige-Colter's reliance on *O'Dell* is misplaced in light of his age at the time of his crime. Accordingly, the resentencing court did not abuse its discretion in its sentencing of Paige-Colter.

CONCLUSION

Paige-Colter raises a same criminal conduct challenge for the first time on appeal and only addresses RAP 2.5(a) in his reply brief; therefore, he is deemed to have waived the challenge. Because the resentencing court did not err by including Paige-Colter's juvenile convictions in his offender score and because the trial court did not abuse its discretion when declining to impose an exceptional sentence, we affirm Paige-Colter's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Che, J.